[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-12882
Non-Argument Calendar
_____

D.C. Docket No. 4:99-cr-00001-JRH-CLR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERRELL GAULDEN,

Defendant-Appellant.

_____

No. 19-12927
Non-Argument Calendar
_____

D.C. Docket No.  4:99-cr-00001-JRH-CLR-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DERRELL GAULDEN,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Georgia

_____

(December 23, 2020)


Before WILSON, ROSENBAUM, and EDMONDSON, Circuit Judges.


PER CURIAM:


Terrell and Derrell Gaulden ("Defendants") -- federal prisoners proceeding

through appellate counsel -- appeal the district court's denial of their pro se

motions for a sentence reduction under the First Step Act of 2018.[1]  No reversible

error has been shown; we affirm.

In 1999, a federal grand jury charged brothers Terrell and Derrell with

several offenses related to Defendants' drug-distribution organization.  These

offenses included distribution of crack cocaine, possession with intent to distribute

_____

[1] First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222.

2

cocaine hydrochloride, firearm offenses, and soliciting a drive-by shooting in furtherance of a drug-trafficking offense.

Pertinent to this appeal, Terrell was charged with five counts of distributing five or more grams of crack cocaine, in violation of 18 U.S.C. § 841(a)(1). The superseding indictment charged Terrell with distributing these drug quantities: 18.8 grams (Count 3), 25 grams (Count 4), 26.8 grams (Count 6), 5.1 grams (Count 8), and 32.2 grams (Count 10). The jury found Terrell guilty on all counts but made no specific drug-quantity findings.

The Presentence Investigation Report ("PSI") attributed to Terrell the same drug quantities listed in the superseding indictment, except that the PSI held Terrell responsible for 30.2 grams for Count 10. The PSI calculated Terrell's guidelines range as 292 to 365 months' imprisonment. The district court sentenced Terrell to 365 months for each of Counts 3, 4, 6, 8, and 10 -- to run concurrently. The district court also imposed a 60-month consecutive sentence for carrying a firearm during and in relation to a drug-trafficking offense.

Derrell was charged with 2 counts of distributing 5 or more grams of crack cocaine: Counts 4 (25 grams) and 10 (32.2 grams). The jury found Derrell guilty of the charged offenses and made no specific drug-quantity findings. The PSI attributed to Derrell 25 grams of crack cocaine for Count 4 and 30.2 grams for

3

Count 10.  The PSI calculated Derrell's guidelines range as 262 to 327 months'

imprisonment.  The district court sentenced Derrell to 327-month concurrent

sentences for Counts 4 and 10, plus a 60-month consecutive sentence for carrying a

firearm during and in relation to a drug-trafficking offense.

In 2019, Terrell and Derrell each moved pro se for a reduced sentence under

the First Step Act.  The district court denied both motions in July 2019.[2]

After the district court denied Defendants relief under the First Step Act --

and while this appeal was pending -- we issued our decision in United States v.

Jones, 962 F.3d 1290 (11th Cir. 2020), in which we addressed the meaning and

proper application of section 404 of the First Step Act.

We review de novo whether a district court had the authority to modify a

term of imprisonment under the First Step Act.  Jones, 962 F.3d at 1296.  "We

review for abuse of discretion the denial of an eligible movant's request for a

reduced sentence under the First Step Act."  Id.

The First Step Act "permits district courts to apply retroactively the reduced

statutory penalties for crack-cocaine offenses in the Fair Sentencing Act of 2010 to

movants sentenced before those penalties became effective."  Id. at 1293.[3]  Under

---

[2] The district court issued two nearly identical orders denying Terrell and Derrell relief.  In an earlier order, we granted Defendants' motion to consolidate their appeals.

[3] Fair Sentencing Act of 2010, Pub. L. No. 111-220, §§ 2-3, 124 Stat. 2374, 2372.

4

section 404(b) of the First Step Act, "a district court that imposed a sentence for a covered offense [may] impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act were in effect at the time the covered offense was committed." Id. at 1297 (quotations and alterations omitted).

To be eligible for a reduction under section 404(b), a movant must have been sentenced for a "covered offense" as defined in section 404(a). Id. at 1298. We have said that a movant has committed a "covered offense" if the movant's offense triggered the higher statutory penalties for crack-cocaine offenses in 21 U.S.C. § 841(b)(1)(A)(iii) or (B)(iii): penalties that were later modified by the Fair Sentencing Act. See id.

In determining whether a movant has a "covered offense" under the First Step Act, the district court "must consult the record, including the movant's charging document, the jury verdict or guilty plea, the sentencing record, and the final judgment." Id. at 1300-01. The pertinent question is whether the movant's conduct satisfied the drug-quantity element in sections 841(b)(1)(A)(iii) (50 grams or more of crack cocaine) or 841(b)(1)(B)(iii) (5 grams or more of crack cocaine) and subjected the movant to the statutory penalties in those subsections. Id. at 1301-02. If so -- and if the offense was committed before 3 August 2010 (the effective date of the Fair Sentencing Act) -- then the movant's offense is a

5

"covered offense," and the district court may reduce the movant's sentence "as if" the applicable provisions of the Fair Sentencing Act "were in effect at the time the covered offense was committed." See First Step Act § 404(b), Jones, 962 F.3d at 1301, 1303. The actual quantity of crack cocaine involved in a movant's offense beyond the amount triggering the statutory penalty is not pertinent to determining whether a movant has a "covered offense." Jones, 962 F.3d at 1301-02.

Here, Terrell and Derrell were each convicted of offenses involving five or more grams of crack cocaine: offenses that triggered the higher statutory penalty in section 841(b)(1)(B)(iii). Defendants' offenses (committed before 3 August 2010) thus qualify as "covered offenses" under the First Step Act. Having satisfied the "covered offense" requirement -- and because a lower statutory penalty would be available to them under the Fair Sentencing Act -- Terrell and Derrell are each eligible for a reduced sentence. See Jones, 962 F.3d at 1301-03.

That Defendants are eligible for a reduced sentence under the First Step Act does not mean, however, that they have a legal right to actual relief. The district courts retain "wide latitude" to determine whether and to what extent to grant a sentence reduction. Id. at 1304. In exercising that discretion, district courts may consider "all the relevant factors," including the 18 U.S.C. § 3553(a) sentencing factors. Id.

6

Contrary to Defendants' assertions on appeal, never did the district court determine that Defendants were legally disqualified for a reduced sentence. Instead, the district court determined correctly that Terrell and Derrell were each convicted of offenses that triggered the higher statutory penalties in section 841(b)(1)(B)(iii). The district court also determined properly -- based on the drug-quantities attributed to Defendants[4] -- the applicable statutory penalties under section 2 of the Fair Sentencing Act. According to the district court, the crack-cocaine convictions for Counts 3, 4, 6, and 8 would now be subject to a lower statutory penalty (a maximum sentence of 20 years under section 841(b)(1)(C)); and the convictions for Count 10 would remain subject to a statutory penalty between 5 and 40 years under section 841(b)(1)(B).

The district court also recognized expressly that it had discretion to reduce Defendants' sentences under the First Step Act. The court in its discretion declined to reduce the sentences. The district court summarized the Defendants' offense conduct, including that Defendants had been involved in a multi-kilogram drug-distribution operation, had commissioned a drive-by shooting over a drug debt, and had stored drugs and firearms in a location adjacent to daycare center.

---

[4] The district court was entitled to rely on the earlier drug-quantity findings -- made before the Supreme Court's decisions in Apprendi v. New Jersey, 530 U.S. 466 (2000), and in Alleyne v. United States, 570 U.S. 99 (2013) -- that triggered increased statutory penalties. See Jones, 962 F.3d at 1302.

The district court noted that -- based on the "magnitude of the drug operation and the attendant violence and recklessness" exhibited by Defendants -- the district court had denied three earlier motions for sentence reductions filed by each Defendant.

Then, in denying Defendants a sentence reduction under the First Step Act, the district court wrote these words:

> The Court has carefully considered each of the sentencing factors in 18 U.S.C. § 3553(a), particularly the nature and circumstances of the offenses, the need for the sentence imposed to reflect the seriousness of the offenses and to provide just punishment for such; and the need for the sentence to protect the public from further crimes of [these] Defendant[s]. In short, the facts and circumstances as it relates to these factors have not changed over time (and over three prior denials from two other district judges) to warrant a different outcome. The Court hereby exercises its discretion to deny any sentence modification for th[ese] Defendant[s].[1]
>
> > [1]Importantly, Section 404(c) of the First Step Act provides that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section."

Given the record in this case, we cannot say that the district court abused its discretion in denying Defendants a reduced sentence after considering the pertinent section 3553(a) factors. Nor was the district court required to discuss expressly or to give significant weight to Defendants' post-sentencing rehabilitation. Cf. United States v. Croteau, 819 F.3d 1293, 1309 (11th Cir. 2016) ("The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district

court."); United States v. Dorman, 488 F.3d 936, 938 (11th Cir. 2007) ("The district court need not state on the record that it has explicitly considered each [section 3553(a)] factor and need not discuss each factor.").

On appeal, Defendants contend the district court's orders denying relief are ambiguous and warrant a remand for further proceedings. We disagree. The orders are especially clear on the main point: the district judge was not going to use whatever discretion he had to lower the sentences of these defendants.

In Jones, we vacated and remanded two orders denying relief under the First Step Act after finding the orders ambiguous about whether the district court understood that it could reduce the movants' sentences. 962 F.3d at 1305. Unlike the circumstances presented in Jones, we are left with no uncertainty about whether the district court understood that it had authority to reduce Terrell's and Derrell's sentences. Moreover, the district court made clear that it would "exercise its discretion" to deny the sentence modification requested by Defendants.

For these reasons, we affirm the district court's denial of Defendants' motions for relief under the First Step Act.

AFFIRMED.